UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

MARQUETTE JACKSON, : CASE NO. 1:17 CV 2532

    Plaintiff,

vs. : OPINION & ORDER

CORRECTIONS OFFICER COOKE,

    Defendant.

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 5, 2017, *pro se* plaintiff Marquette Jackson filed this *in forma pauperis* civil action against Corrections Officer Cooke. His hand-written complaint consists of a single sentence. To the extent it is legible, it states: "Correction Officer Cooke raped me by writing conduct report. . . ." (Doc. No. 1.) The complaint alleges no legal claims or seeks any specific relief.

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and a court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal courts are courts of limited jurisdiction, and "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds this action must be dismissed in accordance with *Apple v. Glenn*. The plaintiff's allegations are so incoherent and unsubstantial that they do not provide a basis to establish this Court's subject-matter jurisdiction, and they do not reasonably suggest he might have any plausible federal claim.

**Conclusion**

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: February 1, 2018               *s/      James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE